IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ADA FIELDER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:15CV00249-JJV |
| Commissioner, Social Security | * | |
| Administration. | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ada Fielder, appeals the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Title II of the Social Security Act. On January 13, 2016, I held oral argument at Plaintiff's request. Greg Wallace, Esq., appeared by telephone for Ms. Fielder. Special Assistant United States Attorney Jonathan Clark appeared by telephone for the Commissioner. Counsel are both commended for their excellent advocacy on behalf of their respective clients. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.   BACKGROUND**

On January 31, 2013, Ms. Fielder protectively filed for benefits due to pain, memory loss, and headaches. (Tr. 159) Ms. Fielder's claims were denied initially and upon reconsideration. At Ms. Fielder's request, an Administrative Law Judge ("ALJ") held a hearing on January 6, 2014, where she appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Fielder and a vocational expert. (Tr. 45-48.)

The ALJ issued a decision on August 15, 2014, finding Ms. Fielder was not disabled. (Tr.

1

12-21.) The Appeals Council denied Ms. Fielder's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4.)

Ms. Fielder, who was forty-seven years old at the time of the hearing, earned a general equivalence degree and has past relevant work as a licensed practical nurse (LPN). (Tr. 28-29)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Ms. Fielder had not engaged in substantial gainful activity since the alleged onset date, and she had the following severe impairments: headaches, leg pain, right hip pain, back pain, and fibromyalgia. (Tr. 14) However, the ALJ found Ms. Fielder did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15)

According to the ALJ, Ms. Fielder has the residual functional capacity to perform sedentary work, except that she can only occasionally climb, balance, stoop, bend, crouch, kneel or crawl. (Tr. 16.) Based on this assessment, the ALJ determined she was incapable of the demands of her past work as an LPN. (Tr. 20.) The ALJ called a vocational expert and inquired about other jobs Ms. Fielder could perform, given her sedentary residual functional capacity. The vocational expert testified that jobs available with these limitations were information clerk and appointment clerk. (Tr. 21, 47.) Accordingly, the ALJ determined Ms. Fielder could perform a significant number of jobs existing in the national economy, and found she was not disabled. (Tr. 21.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

**III.   ANALYSIS**

    **A.   Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

    **B.   Ms. Fielder's Argument for Reversal**

Ms. Fielder asserts the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, she contends the ALJ (1) improperly discredited her subjective complaints (Pl.'s Br. 12-14) and failed to develop the record (Pl.'s Br. 14-16).

        1.   Credibility Assessment

Ms. Fielder argues the ALJ relied solely on the medical evidence and failed to properly consider her activities of daily living and the other factors recited in landmark decision *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984.) A close review of the decision reveals the ALJ recited some of Ms. Fielder's activities that cut against her credibility (Tr. 17-18) but states he made his credibility conclusions based on only the medical evidence (Tr. 20). Although a somewhat persuasive argument, I find to reverse on this basis would require too narrow a reading of the ALJ's

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

3

decision. Looking at the four corners of the decision, I conclude the ALJ considered - albeit briefly - Ms. Fielders activities of daily living in making his credibility determination. I note that while he cites both her hearing testimony and Exhibit 1E (Tr. 18), the written decision shows the ALJ clearly gave most weight to her hearing testimony. And a close reading of Ms. Fielder's testimony supports the ALJ's conclusions. Therefore, I find no reversible error with the credibility assessment in this case.

2. Development of the Record

Ms. Fielder argues the ALJ failed to develop the record by not contacting her treating doctors or sending her for a consultative examination. As discussed at oral argument, the burden was on Ms. Fielder to prove disability.[6] If counsel was convinced this was an issue that needed to be explored more, he should have brought it up at the hearing. Though an ALJ has the duty to develop the record, even when a claimant is represented by counsel, counsel is obliged to do more than sit by idly.

The medical evidence does support Ms. Fielder's allegations of some degree of pain and limitation. However, I am unable to conclude that the ALJ's decision is not supported by substantial evidence in this regard. The diagnostic tests revealed nothing to support an allegation of complete disability (Tr. 265-266, 291, 402, 451-453), and there is no reason to discount the residual functional capacity assessment by Valeria Malak, M.D., after her review of Ms. Fielder's medical records (Tr. 79-80). So, since there was sufficient evidence to support the ALJ's finding that Ms. Fielder was not disabled, he did not err by failing to order additional evidence.

---

[6]*Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir.2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

**IV.     CONCLUSION**

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. I am sympathetic to Plaintiff's claims. She clearly suffers from some degree of pain and limitation. But it is not the task of the court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[7] There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 14th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[7] *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).